IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALAN JACKSON SCHMIDT**                                                            **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO.:** 3:25-cv-909-CWR-ASH

**RANKIN COUNTY, MISSISSIPPI,**
**CHRISTIAN DEDMON, HUNTER ELWARD**
**DANIEL OPDYKE, BRETT MCALPIN**
**and JOHN DOES 1-7**                                                               **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW**, Plaintiff Alan Jackson Schmidt, by and through his attorney of record, Trent L. Walker, and files this Complaint, and in support would show unto the Court the following:

**INTRODUCTION**

1. For his Complaint, Plaintiff Alan Schmidt, an adult resident of Rankin County, Mississippi, by and through his attorneys, states and alleges as follows:

2. This cause of action arises out of the brutal assault of Alan Schmidt by former Rankin County Deputies, Christian Dedmon, Hunter Elward, Daniel Opdyke, Brett McAlpin, and John Does 1-2, which occurred on or about December 4, 2022, at a traffic stop on the side of Interstate 20 in Rankin County, Mississippi where the plaintiff was detained. This cause of action is for monetary damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of state law of Alan Schmidt's clearly established rights as secured by the Fourth, and Fourteenth Amendments to the United States Constitution against Defendants Rankin County, Mississippi, Christian Dedmon, Hunter Elward, Daniel Opdyke, Brett McAlpin, and John Does 1 and 2, in their respective capacities as duly-certified law enforcement officers employed by the

Rankin County Sheriff's Department (collectively, the "Defendant Officers"), for their respective violations of Mr. Schmidt's right to be free from the use of excessive force; and (2) Defendant Rankin County, Mississippi for its failure to train, failure to properly supervise, unconstitutional policies, customs and/or practices under **_Monell_** and its progeny.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Mississippi. Moreover, upon information and belief, all of the parties reside in this Judicial District.

5. This Court has jurisdiction over the parties herein in that the acts and omissions complained of herein occurred in Rankin County, in the Southern District of Mississippi.

6. Venue is proper in this Court pursuant to Miss.Code Ann.§11-11-3 in that the named defendants reside in Rankin County, and the acts and omissions complained of occurred in Rankin County.

7. Pursuant to Miss.Code Ann. §11-46-11, Notice of Claim was sent via certified mail to Rankin County, Mississippi, via the Honorable Mr. Tim Gray, Rankin County Chancery Clerk. The Notice of Claim was received at least ninety-five days prior to the filing of the instant lawsuit.

## PARTIES

8. Plaintiff Alan Schmidt is an adult resident of Mississippi.

9. Defendant, Rankin County, Mississippi is a political subdivision of the State of Mississippi and may be served with process of this court. The Rankin County Sheriff's

Department ("Sherriff Department") is and was at all times material hereto a Rankin County agency, providing the vehicle through which Defendant Rankin County, Mississippi fulfills its policing functions.

10. Upon information and belief, the Defendant Officers were at all times material hereto citizens of the United States and the state of Mississippi. Defendant Officers were at all times material hereto employed by the Sheriff's Department as duly appointed and sworn law enforcement officers and were acting in their individual capacities and/or under color of state law, and within the scope of their employment.

**FACTS**

11. On or about December 4, 2022, the plaintiff was pulled over by John Doe number 1, an unidentified African American Rankin County Sheriff's deputy under the pretext of a traffic violation. However, Christian Dedmon arrived at the scene of the traffic stop soon thereafter and had John Doe #1 to escort the handcuffed plaintiff to Dedmon's vehicle.

12. While the plaintiff was already handcuffed, Dedmon pushed the plaintiff's head forcefully into the wheel fender of Dedmon's vehicle. By this time, McAlpin, Elward and Opdyke had arrived on the scene, along with John Doe #2. While the plaintiff was being held down on the ground and handcuffed, Dedmon McAlpin, Elward and Opdyke began beating the plaintiff with closed fists about his face. Meanwhile John Doe #2 held the plaintiff's hands and arm in a bed of ants.

13. During this time, Defendant Dedmon discharged his firearm near the plaintiff's head in an attempt to get the plaintiff to disclose the location of some equipment which the plaintiff had taken from a relative of Dedmon. Dedmon further took the taser belonging to or assigned to Defendant Elward and tased the plaintiff approximately three times in his back.

14. Defendant John Doe #1 did not assault the plaintiff but did not intervene to prevent the other officers from doing so. On information and belief, Defendant John Doe #1 did not report the actions of the other officers and took no action to provide medical attention to the plaintiff.

15. Defendant Dedmon instructed Defendant Elward to force the plaintiff to his knees. At that time, Dedmon pulled out his penis and attempted to rub his penis into the face of the plaintiff

16. Later, Defendant Dedmon threatened to have the plaintiff killed in the jail if the plaintiff reported what happened.

17. Defendants Dedmon and Elward transported the plaintiff to Schmidt in Hinds County, Mississippi the location of the equipment which the plaintiff had allegedly taken from Dedmon's relative. Only afterward was the plaintiff transported to the Rankin County Jail for booking.

**CAUSES OF ACTION**

***COUNT I– 42 U.S.C. §1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS AGAINST DEFENDANTS DEDMON, ELWARD, OPDYKE AND MCALPIN AND JOHN DOES 1 AND 2, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES***

18. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

19. The conduct by the Defendant Officers constituted excessive force in violation of the Fourteenth Amendment of the United States Constitution and clearly established law.

20. At all material times the Defendants Officers were each acting under the color of state law, as agents of Rankin County, Mississippi, and within the scope of their employment and authority as duly certified law enforcement officers of Rankin County, Mississippi.

21. At all times material hereto, Defendant Officers were acting in their capacity as agents of the Rankin County Sheriff's Department and failed to intervene in the violation of Mr. Schmidt's federal rights as well as failed to render medical assistance to the plaintiff, despite observing the use of excessive force, and observing the injuries to the plaintiff. The Defendant Officers are therefore liable in both their individual and official capacities.

22. At all material times, the Defendant Officers had no reason to believe that the plaintiff was armed or dangerous.

23. At all material times, the Defendant Officers did not have a reasonable fear of imminent bodily harm when they assaulted the plaintiff, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger from the plaintiff, Mr. Schmidt.

24. It was a violation of Mr. Schmidt's Fourteenth Amendment rights for the defendants not to render medical aid following Mr. Schmidt's assault by the Defendant Officers.

25. As a result of the Defendant Officers' unjustified, excessive and illegal use of force, Mr. Schmidt experienced conscious pain and suffering and sustained numerous physical injuries.

26. In addition to these uses of unjustified, excessive, and illegal use of force, each of the Defendant officers had a duty to intervene on behalf of a detainee whose constitutional rights were being violated in their presence by another officer.

27. The Defendant Officers all recognized that the force being used was excessive and unreasonable under the circumstances.

28. The Defendant Officers each observed and were in a position to intervene to stop the beating the plaintiff was taking.

29. The Defendant Offices' failure to intervene in unreasonable force violated Mr. Schmidt's clearly established Fourth, Eighth and Fourteenth Amendment rights and caused the plaintiff to experience conscious pain and suffering and to suffer compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

30. Punitive damages are available against all Defendants and are hereby claimed as a matter of federal common law. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### COUNT II – 42 U.S.C. §1983 – MONELL LIABILITY AGAINST RANKIN COUNTY, MISSISSIPPI

31. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

32. The Rankin County Board of Supervisors and Sheriff Bryan Bailey had final policymaking authority with regard to establishing written policies and training programs governing the conduct of Rankin County Sheriff deputies and detention officers performing policing functions on behalf of the County

33. The Rankin County Board of Supervisors and Sheriff Bryan Bailey established and/or approved of The Rankin County Sheriff Department's written policies and training governing the conduct of Rankin County Sheriff deputies performing policing and jailing functions.

34. More broadly, the Rankin County Board of Supervisors and Sheriff Bryan Bailey had actual and/or constructive knowledge of a pattern of violent conduct carried out by deputies of the Rankin County Sheriff's Department, who had no expectation that they would be disciplined for their unconstitutional behavior.

35. The policies and training established and/or approved by The Rankin County Board of Supervisors and Sheriff Bryan Bailey constitute the official policy of Rankin County, Mississippi and were the moving force behind and caused Plaintiff's injuries.

36. Rankin County, Mississippi acting by and through its Board of Supervisors and Sheriff Bryan Bailey and other policymakers, had knowledge of Rankin County Sheriff Department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

37. Rankin County, Mississippi, acting by and through its Rankin County Board of Supervisors and Sheriff Bryan Bailey and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the Sheriff Department's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

38. On or prior to December 4, 2022, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees and detainees.

39. On or prior to December 4, 2022, Rankin County Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to and not intervene with the use of excessive force by the Rankin County Sheriff's Department.

40. On or prior to February 18, 2024 Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to

correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

41. A few examples are as follows:

A. Years of abuse involving multiple officers which were identified in years ranging from 2004 to 2024.  See [How a 'Goon Squad' of Deputies Got Away With Years of Brutality - The New York Times](#);

B. Department deputies regularly used a social media account, WhatsApp, to joke and describe violence toward detainees.  See ['Did You Tase Him in the Face!?' Inside 'Goon Squad' Deputies' Group Chat - The New York Times](#);

C.  Multiple lawsuits were filed against Rankin County detailing horrific acts of abuse, including Barrett v. City of Pelahatchie, 3:21-cv-00124-HTW-LGI, involving the shooting death of Pierre Woods at the hands of Rankin County Sheriff's deputies including Bryan Bailey, and where Sheriff Bryan Bailey, Hunter Elward and Christian Dedmon were individually listed as defendants, and Bailey was denied qualified immunity for his acts;

D.  In Gerhart v. Rankin County, Mississippi, 3:11-cv-586 HTW-LRA, it was alleged that members of the Rankin County Sheriff's Office mis-identified a home for a drug raid, and that Brett McAlpin assaulted a sixteen-year-old teenager in the home and threatened to kill him;

E. In Archie v. Rankin County, Mississippi, 3:13-cv-066-CWR-FKB, it was alleged that Deputy Dan Warren struck a robbery suspect with his service vehicle, then proceeded to brutally beat, stomp and kick the handcuffed man and allowed a civilian to join in while other deputies failed to intervene.  According to the Complaint, the suspect beat a suspect with a metal rod while other deputies held the suspect down.

F. In <u>Mack v. Rankin County, Mississippi</u>, 3:24-cv-306-CWR-ASH, it was alleged that the plaintiff was beaten at the Rankin County Jail with heavy steel jail keys and was beaten, stomped and kicked at the behest of Defendant Brett McAlpin and other deputies and trusties of the jail. As a result, Mack claimed to suffer a broken nose, broken ribs, and other injuries.

G. In <u>Monica Lee v. Rankin County, Mississippi</u>, Rankin County Circuit Court Cause Number 22-073, the Plaintiff alleged that Defendant Hunter Elward and Deputy Luke Stickman caused the death of her son, Damien Cameron, by beating him with a closed fist and causing him to asphyxiate by kneeling on his neck and back;

H. In <u>Carvis Johnson v. Rankin County, Mississippi</u>, 3:20-cv-009-KHJ-FKB, the plaintiff, a detainee at the Rankin County Jail, alleged that he was assaulted and hogtied on multiple occasions resulting in injuries to both eyes, broken and missing teeth, and a broken jaw;

I. In <u>Michael Jenkins and Eddie Parker v. Rankin County, Mississippi</u>, the Defendants Dedmon, Elward, Opdyke and McAlpin, along with two others conducted a warrantless raid of Parker's home. For approximately two hours the defendants beat, tortured, and tased the two plaintiffs, culminating with Defendant Elward discharging his service weapon into the mouth of Michael Jenkins. Defendants Elward, Dedmon and Opdyke pled guilty to charges related to that event, as well as to charges stemming from the events underlying the current lawsuit.

J. Deputies of the Rankin County Sheriff's Department videotaped themselves shocking an intellectually disabled man with an electrified vest meant to control violent inmates and shared the video among themselves via the WhatsApp social media message app. See

https://www.wlbt.com/2025/11/21/videos-show-rankin-county-jail-guards-mocking-intellectually-disabled-inmate/

K.  In August, 2022, Deputy Hunter Cook was seen on dashcam video tazing a handcuffed detainee in the forehead while the detainee was in the back of a patrol vehicle;

42.  Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, continued to employ the Defendant Officers and other officers despite knowledge of their repeated unconstitutional, unlawful, or other improper conduct. Defendant McAlpin was promoted to Chief Investigator for the Department, a role he held at the time of the incident underlying this lawsuit.

43.  Rankin County, Mississippi's failure to terminate or properly discipline the Defendant Officers is part of its larger custom, police, or practice of failing to supervise, terminate, or properly discipline its officers for unconstitutional, unlawful, or otherwise improper conduct, and thereby encouraged the Defendant Officers to continue engaging in unlawful acts towards detainees, including the Plaintiff.

44.  On or prior to December 4, 2022, Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified its agents, by providing improper and harmful training to officers.

45.  The actions of the Defendant Officers in Rankin County on a public roadway. The brutal unprovoked nature of the attack and the failure to intervene, render aid or provide medical assistance infer that the Defendant Officers expected no discipline and had nothing to fear as a result of their actions.  Further, the actions of Dedmon in sexually assaulting the plaintiff by rubbing his penis in the plaintiff's face and discharging his weapon in close proximity to the plaintiff's head also infers that Dedmon expected no discipline and had nothing

to fear as a result of his actions. Jenkins, et al. v. Rankin County, Mississippi, et al., 3:23-cv-374-DPJ-ASH, [Doc. # 63 at pp. 13-14], (S.D. Miss. July 24, 2024) See Listenbee v. City of Harvey, No. 11-C-03031, 2013 WL 5567552, at *3 (N.D. Ill. Oct 9, 2013).

## COUNT III – 42 U.S.C. §1983

46. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

47. Rankin County, Mississippi failed to properly supervise, train or modify its training to Defendant Officers and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force, intervention in the excessive use of force by fellow officers, and the appropriate rendering of medical assistance to detainees .

48. Illegal use of force during detention is a usual and recurring situation which the Rankin County Sheriff's Department law enforcement officers and other agents encounter on a regular basis. As such, Rankin County, Mississippi was aware of a need for more and different training. Rankin County, Mississippi specifically knew that its officers needed proper supervision.

49. Rankin County, Mississippi with deliberate indifference to the rights of citizens, failed to provide adequate training and supervision to its officers.

50. Rankin County was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training, proper supervision and the failure to modify its training.

51. As such, Rankin County, Mississippi, was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

52. The failure to train, supervise and/or to appropriately modify training constituted official Rankin County, Mississippi policies, practices, or customs.

53. Rankin County, Mississippi's failure to train, supervise and/or to modify training was behind the acts and omissions the Defendant Officers made toward Mr. Schmidt.

54. As a direct and proximate result of Rankin County's acts and omissions, Mr. Schmidt suffered injuries, and experienced pain and suffering.

55. As a direct and proximate result of the acts and omissions described herein, Mr. Schmidt suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

56. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT IV.
## DAMAGES
## ECONOMIC DAMAGES

57. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

58. As a result of the act(s) or omission(s) of these Defendants, Plaintiff seeks the recovery of any and all kinds of economic damages available under the law and incurred as a result of the actions and inactions of the defendants, and the injuries sustained by the plaintiff.

## NON-ECONOMIC DAMAGES

59. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

60. As a result of the act(s) or omission(s) of these defendants, plaintiff seeks recovery for certain non-economic damages which occurred as a result of the Defendants'

negligent act(s) or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, inconvenience, worry, emotional distress, loss of the enjoyment of life, medical or special damages, and other damages, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to his injuries and the harm he has sustained.

61. The Plaintiff has suffered out-of-pocket expenses which include travel expenses, attorneys' fees, court costs, time from work and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary and enhanced damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

62. The amount of total damages suffered by Plaintiffs is significant and continuing in nature. Plaintiffs reserve the right to amend and state further with respect to their damages.

## ATTORNEYS FEES

63. Pursuant to the Civil Rights Attorney's Fee Award Act, 42 U.S.C. §1988, a prevailing part in a §1983 case is entitled to recover his or her attorney's fees. Hence the Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN**.

### Prayer for Relief

WHEREFORE, Plaintiff Alan Schmidt prays for judgment against Defendants as follows:

      a.      As to Count I, a money judgment against the Defendant Officers for compensatory, special damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest;

      b.      As to Count II, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest;

      c.      As to Count III, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest;

      d.      For the appointment of a receiver or similar authority to ensure that the Rankin County properly trains and supervises its employees, and implements all other remedies available at law;

      e.      For such other and further relief as this Court deems just and equitable.

      RESPECTFULLY SUBMITTED,
      ALAN SCHMIDT, PLAINTIFF

      By:   /s/ TRENT L. WALKER
          Trent L. Walker, (MSB# 10475)

**TRENT WALKER, COUNSELOR AT LAW, PLLC**
**5255 KEELE STREET, SUITE A**
**SCHMIDT, MISSISSIPPI 39206**
**PHONE 601-321-9540**
**FACSIMILE 601-398-3918**
Trent@Trentwalkerlaw.com
Attorney for Plaintiff