UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF MISSISSIPPI
NORTHERN DIVISION

ALAN JACKSON SCHMIDT                                                              PLAINTIFF

v.                                                              CAUSE NO: 3:25-cv-909-CWR-ASH

RANKIN COUNTY, MISSISSIPPI, et al.                                               DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OFFICIAL
CAPACITY CLAIMS AND CLAIMS FOR PUNITIVE DAMAGES AGAINST RANKIN COUNTY

NOW COMES Defendant Rankin County, Mississippi, by and through counsel, and in support of its motion to dismiss all official capacity claims and/or claims for punitive damages against this Defendant, states as follows:

I.       INTRODUCTION & STATEMENT OF FACTS

Plaintiff filed his [1] Complaint on November 25, 2025, and alleges federal § 1983 claims against Defendants Rankin County and Christian Dedmon, Hunter Elward, Daniel Opdyke, Brett McAlpin, and John Does, all in their individual and official capacities. Rankin County seeks the dismissal of all official capacity claims as duplicative of the claims against it and all punitive damage claims against it.

II.      LEGAL PRECEDENT & ANALYSIS

A.       Official Capacity Claims.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Will v. Michigan Dep't of State Police*, 392 U.S. 58, 71 (1989)(citation omitted). District courts in the Fifth Circuit have consistently held that official capacity claims are redundant of a plaintiff's claims against a county and should,

therefore, be dismissed. *Wilborn v. Holmes County*, No. 3:22cv187-DPJ-FKB, 2023 U.S. Dist. LEXIS 34717, at *7 (S.D. Miss. Mar. 2, 2023) (quoting *Brown v. City of Houston*, No. H-17-1749, 2019 U.S. Dist. LEXIS 218870, 2019 WL 7037391, at *3-4 (S.D. Tex. Dec. 20, 2019) (Rosenthal, C.J.) (collecting cases); *see also Blackmon v. Adams County*, No. 5:21cv62-KS-RHW, 2022 WL 1434652, at *6 (S.D. Miss. May 5, 2022). "Thus, courts faced with claims against both a government employer and an employee in his official capacity typically dismiss claims against the individual defendant to avoid redundancy." *Moore v. Jackson Pub. Sch. Dist,* No. 3:21-cv-351-CWR-FKB, 2021 U.S. Dist. LEXIS 220856, at *4 (S.D. Miss. Nov. 16, 2021) (internal citation omitted). For this reason, any and all official capacity claims should be dismissed.

> B. <u>Punitive Damages</u>

Plaintiff alleges in ¶ 30 of his [1] Complaint that "[p]unitive damages are available against **all Defendants** and are hereby claimed as a matter of federal common law." *Id.* (emphasis added). Contrary to this allegation, Plaintiff cannot recover punitive damages from Rankin County under § 1983. *Moore v. LaSalle Mgmt. Co.*, 41 F.4th 493, 512 (5th Cir. 2022) (citing *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981)). Accordingly, any and all claims seeking punitive damages from this Defendant should be dismissed.

III. CONCLUSION

For the foregoing reasons, Rankin County respectfully requests that any and all official capacity claims and all claims seeking punitive damages be dismissed.

RESPECTFULLY SUBMITTED, this 26th day of December, 2025.

RANKIN COUNTY, MISSISSIPPI - DEFENDANT

BY: */s/ Jason E. Dare*
   JASON E. DARE

2

OF COUNSEL:

Jason E. Dare (MSB No. 100973)
jdare@bislawyers.com
BIGGS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi 39236-4028
Telephone:     (601) 987-5307
Facsimile:      (601) 987-5307