UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF MISSISSIPPI
NORTHERN DIVISION

ALAN JACKSON SCHMIDT                                                                    PLAINTIFF

v.                                                                       CAUSE NO: 3:25-cv-909-CWR-ASH

RANKIN COUNTY, MISSISSIPPI, et al.                                                    DEFENDANTS

---

REPLY TO PLAINTIFF'S [11] RESPONSE TO [4] MOTION TO DISMISS OFFICIAL CAPACITY
CLAIMS AND CLAIMS FOR PUNITIVE DAMAGES AGAINST RANKIN COUNTY

---

NOW COMES Defendant Rankin County, Mississippi, by and through counsel, and in support of its [4] Motion to Dismiss all official capacity claims and claims for punitive damages against it, states as follows:

1.      Plaintiff confesses the [4] Motion and it should be granted on this basis alone. [11] Response, pg. 1.

2.      Plaintiff goes on to improperly allege that "[t]hey (sic) Plaintiff would also state that there is evidence that both of these positions are inconsistent with the original intent and the original text of 42 U.S.C. §1983, the Ku Klux Klan Act. ***Green v. Thomas and the City of Jackson***, 3:23-cv-126-CWR-ASH, doc.[34] at p.11; May 25, 2024." [11] Response, pg. 1.

3.      This Court's foregoing opinion in *Green* relates solely to the issue of qualified immunity sought by the individual capacity defendant, not municipal liability similar to the issues presented in the [4] Motion. *See Green v. Thomas*, 734 F. Supp. 3d 532, 543–48 (S.D. Miss. 2024), *aff'd in part, rev'd in part,* 129 F.4th 877 (5th Cir. 2025).

4.      "[U]nder well-established federal law, … [Plaintiff] is barred from recovering punitive damages in this suit" against Rankin County. *Longino v. Hinds County ex rel. Bd. of*

*Sup'rs*, No. 3:13-CV-167-CWR-FKB, 2014 WL 4545943, at *3 (S.D. Miss. Sept. 11, 2014) (quoting *Stern v. Hinds County*, 436 F. App'x 381, 382 (5th Cir. 2011)); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").

5.      Moreover, "courts faced with claims against both a government employer and an employee in his official capacity typically dismiss the claims against the individual defendant to avoid redundancy." *Moore v. Jackson Pub. Sch. Dist.*, No. 3:21-CV-531-CWR-FKB, 2021 WL 5352130, at *2 (S.D. Miss. Nov. 16, 2021) (citing *Burroughs v. City of Laurel*, Cause No. 2:19-CV-48-KS-MTP, 2019 WL 4228438, at *5 (S.D. Miss. Sept. 5, 2019); *Shaffer v. Miss. Highway Safety Patrol*, No. 4:11-CV-111-CWR-LRA, 2012 WL 2846884, at *1 (S.D. Miss. Mar. 6, 2012)).

6.      Accordingly, Plaintiff is incorrect that the relief requested in Rankin County's [4] Motion is "inconsistent with the original intent and the original text of 42 U.S.C. § 1983," and the [4] Motion should be granted as proper and unopposed.

RESPECTFULLY SUBMITTED, this 3rd day of March, 2026.

RANKIN COUNTY, MISSISSIPPI - DEFENDANT

BY:    _/s/ Jason E. Dare_____
       JASON E. DARE

OF COUNSEL:

Jason E. Dare (MSB No. 100973)
jason@dare-law.com
DARE LAW FIRM
Post Office Box 7
Brandon, Mississippi 39043-0007
Telephone:    (601) 210-2963
Facsimile:      (601) 210-2963